UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 2:15-cv-14260-ROSENBERG/HOPKINS

LOUIS N. LARSEN,

    Plaintiff,

v.

COMMONWEALTH FINANCIAL SYSTEMS, INC.,

    Defendant.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

**THIS CAUSE** comes before the Court upon Plaintiff's Motion for Attorney's Fees [DE 21]. The Court has carefully reviewed Plaintiff's Motion and is otherwise fully advised in the premises. For the reasons set forth below, the Motion for Attorney's Fees [DE 21] is **GRANTED** in part and **DENIED** in part, because some of the requested fees represent time spent on mundane or clerical tasks.

### I.  BACKGROUND

Plaintiff filed a complaint in this action alleging violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k. *See* DE 1. After Defendant failed to answer the complaint or otherwise participate in the lawsuit, the Court partially granted Plaintiff's motion for a default judgment, finding he was entitled to $1,000 statutory damages and $455 in costs. *See* DE 20. However, the Court denied the motion insofar as it sought attorney's fees, because the only evidence Plaintiff's counsel provided as to the reasonableness of these fees was an affidavit of the attorney who performed the work in question. *Id.* at 6.

Plaintiff timely filed the present, renewed motion for attorney's fees. *See* DE 21. The motion attaches the following: (1) an affidavit from Plaintiff's counsel, Shaun T. Plymale, Esq., stating that he expended 15.1 hours on this matter at a rate of $300 per hour; (2) time sheets describing how Plaintiff's counsel spent these 15.1 hours; and (3) an affidavit from Michael K. Spotts, Esq., opining that 15 hours is a reasonable number of hours expended and that $400 per hour is a reasonable hourly rate.

## II. LEGAL STANDARD

The FDCPA allows a successful plaintiff to recover "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). "[A]n award of fees and cost is mandatory under the FDCPA." *Danow v. Law Office of David E. Borback, P.A.*, 634 F. Supp. 2d 1337, 1339 (S.D. Fla. 2009). Attorney's fees awards under the FDCPA are subject to a "lodestar" analysis, which "multipl[ies] the number of hours reasonably expended by a reasonable hourly rate." *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1366 (N.D. Ga. 2011) (citing *Moton v. Nathan & Nathan, P.C.*, 297 F. App'x 930, 931-32 (11th Cir. 2008)). "Once the lodestar is calculated, the lodestar amount may be adjusted," but "such an adjustment is 'rare' because 'the lodestar method yields a fee that is presumptively sufficient to achieve this objective.'" *Id.* (quoting *Perdue v. Kenney A. ex rel. Winn*, 559 U.S. 542, 552 (2010)). "A district court's order on attorney's fees 'must articulate the decisions it made, give principled reasons for those decisions, and show its calculations.'" *Id.* (quoting *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)).

### III.   ANALYSIS

**A.   <u>Calculation of the Lodestar</u>**

**1.  Reasonable Hourly Rate**

"The reasonable hourly rate 'is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.'" *Id.* (quoting *Loranger*, 10 F.3d at 781). "The party seeking attorney's fees has the burden of providing satisfactory evidence that [his] rate is in line with prevailing market rates." *Id.* (quotation marks omitted). "Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work." *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). "A court may consider, however, its own knowledge and experience concerning reasonable and proper fees." *Frazier*, 767 F. Supp. 2d at 1367; *see also Norman*, 836 F.2d at 1303 ("The Court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees[.]").

The attorney's fees requested by Plaintiff represent a rate of $300 per hour. *See* DE 21 at 5-8. Although the affidavit from Plaintiff's counsel states that he has been admitted to the Florida Bar since 2000, it fails to further outline his credentials or his experience in FDCPA litigation. *Id.* at 7-8. Nevertheless, based on the affidavit of Mr. Spotts and the Court's own knowledge and experience, the Court finds a rate of $300 per hour to be a reasonable hourly rate for Shaun T. Plymale, Esq. *See, e.g. Crescenzo v. Healthcare Revenue Recovery Group, LLC*, 842 F. Supp. 2d 1340 (S.D. Fla. 2012) (finding $300 per hour to be reasonable rate for handling a "simple and straightforward" FDCPA claim).

### 2. Number of Hours Reasonably Expended

In determining the hours reasonably expended, the Court must ensure that "excessive, redundant or otherwise unnecessary" hours are excluded from the amount claimed. *Norman*, 836 F.2d at 1301 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "In other words, the Supreme Court requires fee applicants to exercise 'billing judgment.'" *Id.* As the Eleventh Circuit has explained:

> Excluding excessive or otherwise unnecessary hours under the rubric of "billing judgment" means that a lawyer may not be compensated for hours spent on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights, recognizing that in the private sector the economically rational person engages in some cost benefit analysis.

*Norman*, 836 F.2d at 1301. For example, "a fee applicant is not entitled to compensation at an attorney's rate simply because an attorney undertook tasks which were mundane, clerical, or which did not require the full exercise of an attorney's education and judgment." *Id.* at 1306; *see, e.g., Zachloul v. Fair Debt Collections & Outsourcing*, No. 8:09-cv-128-T-27MAP, 2010 WL 1730789, *3 (M.D. Fla. Mar. 19, 2010) (reducing hours representing spent on clerical tasks).

The Court finds that Plaintiff's counsel's time records include time spent on non-recoverable clerical tasks. Accordingly, the following time will be excluded:

a. The entry for July 27, 2015 will be reduced from 2.80 hours to 1.40 hours, to exclude time spent as follows: "E-File complaint, summons, civil cover sheet."

b. The entry for August 10, 2015 will be reduced from 0.40 hours to 0.20 hours, to exclude time spent as follows: "Mail order via certified mail, return receipt and forward to process server for service on Defendant."

c. The entry for August 22, 2015 will be reduced from 0.50 hours to 0.25 hours to exclude time spent as follows: "E-file notice of service with return of service from process server and attached Order Setting Telephonic Sscheduling Conf, [sic] etc."

    d. The entry for August 25, 2015 will be excluded, as it represents time spent as follows: "Forward Summons and Complaint to process server for service on Defendant's registered agent."

    e. The first entry for September 11, 2015 will be reduced from 0.40 hours to 0.20 hours to exclude time spent as follows: "E-File Return of Servcice [sic]. Receipt and review of acknowledgement from Clerk of Court of receipt for filing return of service."

    f. The second entry for September 11, 2015 will be reduced from 0.40 hours to 0.20 hours to exclude time spent as follows: "Prepare and file Notice of Telephonic Appearance at Calendar Call (05/18/2016) and Notice of Telephonic Appearance at Status Conference (10/23/2015).''

    g. The entry for September 14, 2015 will be reduced from 0.40 hours to 0.20 hours to exclude time spent as follows: "Prepare and mail letter to defendant with copy of order per the court."

    h. The entry for October 16, 2015 will be reduced from 0.70 to 0.50 to exclude time spent as follows: "Mails copies of request and order to defendant."

Based on these reductions and exclusions, the Court finds that the reasonable number of hours expended by Plaintiff's counsel in this case is 12.25 hours.

### 3. The Lodestar Amount

Multiplying the hours set forth above by the reasonable hourly rate, the Court computes the lodestar as follows: 12.25 x $300 = $3,675.

### B. **Adjustment to the Lodestar**

"After the lodestar is determined by multiplication of a reasonable hourly rate times hours reasonably expended, the court must next consider the necessity of an adjustment for results obtained." *Norman*, 836 F.2d at 1302. "If the result was excellent, then the court should compensate for all hours reasonably expended. . . . If the result was partial or limited success, then the lodestar must be reduced to an amount that is not excessive." *Id.* Plaintiff does not seek an adjustment of the lodestar amount, and this Court finds an adjustment would be inappropriate: this is a typical case alleging a violation of the FDCPA and, because Defendant failed to defend

this case, Plaintiff prevailed on his claim in its entirety. *See, e.g., Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1368 (N.D. Ga. 2011) (finding adjustment to lodestar inappropriate in similar circumstances).

## IV.     CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Attorney's Fees [DE 21] is **GRANTED** in part and **DENIED** in part. Plaintiff is entitled to recover $3,675 in attorney's fees, as well as $1,000 in statutory damages and $455 in costs. The Court will enter a separate final judgment consistent with this Order.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 21st day of January, 2016.

Copies furnished to:  
Counsel of record

ROBIN L. ROSENBERG  
UNITED STATES DISTRICT JUDGE